IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| METROPOLITAN GOVERNMENT OF <br> NASHVILLE AND DAVIDSON COUNTY, <br> TENNESSEE, <br><br> Plaintiff, <br><br> v. <br><br> BELLSOUTH TELECOMMUNICATIONS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:06cv0321 <br> ) <br> ) Judge Thomas A. Wiseman, Jr. <br> ) <br> ) |

## FINAL JUDGMENT

Before the Court are cross motions for summary judgment filed by Plaintiff Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") and by Defendant BellSouth Telecommunications, Inc. ("BST"). (Doc. No. 27 (Plaintiff's motion); Doc. No. 30 (Defendant's motion).) Both motions have been fully briefed, and a hearing on the issues was conducted on Thursday, June 28, 2007, at 10:00 a.m.

Both parties seek summary judgment as to all three Counts in Metro's Complaint. The legal issue presented by Count One is whether Metro or BST is responsible for paying the costs associated with relocating BST's lines and facilities in order to accommodate the excavation and construction of the new underground parking garage and park in front of the Metropolitan Nashville and Davidson County Courthouse in downtown Nashville. In Counts Two and Three, Metro seeks a declaration and an injunction regarding BST's obligation to relocate its facilities and equipment located within the public rights-of-way to accommodate future public works or projects, at its own cost, upon Metro's reasonable request.

Having reviewed the parties' filings and heard oral arguments on the pertinent issues, the Court finds based upon the undisputed facts that Metro's motion for summary judgment as to Count One must be denied and BST's motion regarding the same count should be granted. As to Count Three, the Court finds that Metro has not demonstrated the presence of any of the four factors the Supreme Court has indicated must be satisfied to justify entry of a permanent injunction. The Court will therefore grant

summary judgment in favor of BST as to that count.  However, with respect to Count Two, the Court finds that a limited declaration will clarify the parties' legal relations and prevent future litigation.  The Court therefore finds it appropriate under the undisputed facts to grant Metro's motion for summary judgment as to Count Two and to deny BST's motion for summary judgment on that issue.

Accordingly, the Court orders as follows:

1. Metro's motion for summary judgment (Doc. No. 27) as to Counts One and Three is hereby **DENIED**, and its motion as to Count Two is hereby **GRANTED**.  Judgment as to Count Two is entered in favor of Metro, and, in accordance with Count Two's request for a declaration, the Court finds and declares as a matter of law that:

> (a) Under Tennessee common law, in the absence of a valid reimbursement statute or contract, Metro has the police power to require BST to relocate its lines and facilities from public rights-of-way, at BST's expense, to accommodate public works reasonably necessary to benefit the public welfare, regardless of whether they benefit the so-called "traveling public," whether pedestrian or vehicular.
>
> (b) Tenn. Code Ann. § 65-20-202 is not a reimbursement statute.  It simply authorizes the establishment and maintenance of telephone facilities in public rights-of-way.

2. BST's motion for summary judgment (Doc. No. 30) as to Counts One and Three of Metro's complaint is hereby **GRANTED**, and judgment as to Counts One and Three is entered in favor of BST.  BST's motion for summary judgment as to Count Two is hereby **DENIED**, judgment on that Count having been entered in favor of Metro.

This matter is thus concluded, and this Order constitutes a final judgment for purposes of Fed. R. Civ. P. 58 from which an appeal may lie.

Each party shall bear its own costs in this matter.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge